## In the Matter of the Estate of SAMUEL PORES, Deceased.

Surrogate's Court, New York County, June 2, 1943.

*Matthew L. Salonger* for Celia Pores, as administratrix, petitioner.

*Abraham Karp* for Harry Zalutsky, a creditor, respondent.

Delehanty, S. The petition in this proceeding asserts that deceased died on May 21, 1940, and that before his death he had instituted an action in the Supreme Court for injuries sustained by him on March 17, 1940. On the day of his death deceased had been admitted to Harlem Hospital. His condition was diagnosed as being due to a coronary thrombosis. He was sixty-nine when he died and had been retired since 1934.

The widow of deceased was appointed his administratrix for the purpose of initiating an action for wrongful death. Such action is at issue but not on the calendar. An offer of $650 is now made to settle both the claim arising in deceased's lifetime and that asserted by reason of his death. A creditor has interposed objections to the proposed compromise. The offer of settlement does not discriminate between the death action and the personal injuries action.

The opposing creditor is aware that he may not receive any part of the proceeds of a death action and so contends that the compromise should be approved only if the proceeds are treated as attributable wholly to the personal-injuries action. For the sake of the discussion the court will assume that the fund is to be so treated. A complicating factor is presented by an assignment to the public relief authorities of a policy of insurance on the life of deceased. Under this assignment the welfare authorities collected the amount due on the policy and pursuant to the regular practice of the Welfare Department paid to an undertaker the sum of $250 on the representation by the latter that the bill for the burial of deceased was unpaid.

The creditor concedes that the minimum of $240 should be allowed to the attorney for the petitioner to cover his fee and disbursements. On this basis a balance of $410 is left. If the fund is to be dealt with as the proceeds of the personal-injuries action it is subject to a set-off of $300 in favor of the widow under section 200 of the Surrogate's Court Act. The creditor opposes this but cites as his authority only a case dealing with death-action proceeds. Allowing this set-off there is left a balance of $110. More than this sum has been paid for a headstone and the question is whether the court shall disallow this expense so that the creditor may have something out of the settlement proceeds.

The expense of a headstone is part of the funeral expenses of a deceased person (Surrogate's Ct. Act, § 314, subd. 3). It seems to the court in the circumstances here present that a charge of $110 as a funeral expense is not unreasonable even though the direct burial expense was discharged out of other funds. This conclusion leaves the creditor without any source of funds for a payment on account of his claim. That is a regrettable but a necessary result even if the funds are deemed wholly to be the proceeds of the personal-injuries action.

The court does not regard the proceeds as solely attributable to the personal injury. It must adopt the more practical viewpoint that the defendant in the actions is buying his peace with a single sum of money and that some part of such fund is to be regarded as in settlement of the death action. On that concept of the true nature of the offer to compromise, the creditor would have no fund over which he could argue.

For all these reasons the opposition of the creditor is held to be without substance and accordingly the application for leave to compromise is in all respects granted.

Submit, on notice, order accordingly.